UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 10-325-PLF |
| | : | |
| EVAN SNAPPER, | : | |
| | : | |
| Defendant | : | |
| _____ | : | |

**REDACTED SUPPLEMENTAL MEMORANDUM OF THE UNITED STATES** ▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ **IN AID OF SENTENCING**

The United States of America, through undersigned counsel (hereinafter the "government"), respectfully submits this Supplemental Memorandum ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

I.  PROCEDURAL BACKGROUND

The Probation Office has correctly calculated the advisory sentencing guideline level for Snapper at level 12.  Absent any downward departure, under criminal history category I that guideline level results in a recommended sentencing range of 10-16 months in Zone C.  A Zone C sentence, under the advisory Guidelines scheme, requires imposition of a term of imprisonment of at least half of the minimum recommended sentencing range, which in this case, would be 5[] months.  See Guidelines § 5C1.1(d)(2), (e). [Redacted copy edited to omit "-8"]

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

██████ under Zone B of the Guidelines, the Court could fashion within the Guidelines framework a probationary sentence that included as conditions of probation a term of several alternative forms of confinement, see Guidelines § 5C1.1(c)(3), (e). ████████████

██████████████████████████████████████████████████████████████

██████████████████████████   In Zone A, the Guidelines does not require inclusion of any particular term of probationary confinement or imprisonment, although neither does the Guidelines preclude imposition of any such terms within the recommended minimum and maximum sentencing range of 0-6 months.  See Guidelines § 5C1.1(a)-(b).

On March 28, 2011, the defendant filed his Sentencing Memorandum, providing additional information and arguing on that basis █████████████████████████████ ██████████████ for a sentence of probation. ██████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████

██   ██████████████████████████████████████████████
██████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████



Specifically, the criminal investigation focused on whether contributions made by those individuals and entities to the Jim Gilmore Presidential and Senate campaigns in 2007 and to the Hillary Clinton Presidential campaign in 2008 constituted violations of 2 U.S.C. §§ 437g(d)(1)(A) and 441f (knowingly and willfully making a conduit campaign contribution), 18 U.S.C. §§ 1001 and 2 (knowingly and willfully causing a false statement to be made to the Federal Election Commission), and 18 U.S.C. § 371 (conspiracy to commit the above offenses).







C.      Sentences in Prosecutions Involving Conduit Campaign Contribution Schemes

The sentencing memorandum that Snapper filed on his behalf recites a number of cases in which defendants have been sentenced in connection with their involvement in various campaign contribution reimbursement schemes.  Although it is not always the case, generally such defendants have received sentences of probation that include, as conditions of probation, some combination of terms of confinement -- such as intermittent, community, or home detention -- with community service and significant fines.  No comprehensive record of all historical campaign finance cases and sentences is available to the government.  Nonetheless, the government has compiled the following list of conduit contribution cases in which sentencing information is available, and which, although not comprehensive, the government believes is a fair representation of recent judicial activity in this area:

| Case Caption and Brief Description | Relevant Elements of Sentence |
|---|---|
| **United States v. Mark Magliocchetti, 10-cr-00534 (E.D. Va. 2010).** Defendant pleaded guilty to one misdemeanor count of engaging in illegal corporate contributions in connection with a scheme aggregating between 2,000 and 25,000 in a calendar year. | - Probation 2 years<br>- 14 days intermittent confinement<br>- 5 ½ months home confinement<br>- $10,000 fine |
| **United States v. Paul Magliocchetti, 10-cr-00286 (E.D. Va. 2010).** Defendant pleaded guilty to eleven count of engaging in illegal corporate contributions and causing false statements to FEC in connection with scheme aggregating to more than $400,000 in illegal contributions. | - 27 months imprisonment on all counts, concurrent<br>- $75,000 |
| **United States v. Noe, 05cr796 (N.D. Oh. 2006).** Defendant serving as county party official pled guilty to conspiracy, false statements to FEC, and felony conduit contribution charge in connection with scheme to launder $36,000 to a presidential campaign. | - 27 months imprisonment<br>- $120,000 fine |

| Case Caption and Brief Description | Relevant Elements of Sentence |
|---|---|
| **United States v. Collier, et al., 07cr0182 (D.D.C. 2007).**<br>Defendants David Collier and Robert Price both pled guilty, pre-indictment, to a single count of causing false statements to the FEC for making $66,500 in illegal conduit contributions. | Defendant Collier:<br>- Probation 5 years<br>- 120 days home confinement<br>- 300 hours community service<br>- $5,000 fine<br><br>Defendant Price:<br>- Probation 5 years<br>- 100 hours community service<br>- $1,000 fine |
| **United States v. Dye, 07cr20144 (S.D.Fl. 2007).**<br>Defendant pled guilty, pre-indictment, to conspiracy to make less than $25,000 in false statements to the FEC for reimbursing contributions made by corporation employees using false claims for mileage reimbursements. | - Probation 1 year<br>- 180 days home confinement<br>- 200 hours community service<br>- $200,000 fine |
| **United States v. Wickett, 07cr20145 (S.D.Fl. 2007).**<br>Defendant pled guilty to two counts of honest services fraud and conspiracy relating to scheme to disguise efforts to make unlawful political contributions with corporate funds. | - Probation 3 years<br>- 6 months home confinement<br>- 600 hours community service<br>- $40,000 fine |
| **United States v. Berglund, 06cr0191 (D.D.C. 2006).**<br>Defendant pled guilty, preindictment, to making $8,000 in illegal corporate contributions. | - Probation 1 year<br>- $2,500 fine |
| **United States v. DeLoach, et al., 06cr20583 (S.D.Fl. 2006).**<br>Defendant William DeLoach pled guilty, pre-indictment, to one count of conspiracy to commit mail fraud (embezzlement), and one count of making $11,000 in illegal conduit contributions. | - 24 months imprisonment on election fraud count, concurrent with 97 months imprisonment on embezzlement count (later reduced to 52 months based on post-sentence substantial assistance motion of the government)<br>- $18,979,473.98 restitution |
| **United States v. Spencer, 06cr60041 (S.D.Fl. 2006).**<br>Defendant pled guilty, preindictment, to making illegal conduit contributions. | - Probation 2 years<br>- $5,000 fine<br>- $9,000 restitution |

| Case Caption and Brief Description | Relevant Elements of Sentence |
|---|---|
| **United States v. Wade, 06cr0049 (D.D.C. 2006).** Defendant pled guilty, pre-indictment, to two counts of conspiracy, one count of Travel Act bribery, and one count of making $68,000 in illegal conduit contributions. | - 30 months imprisonment on election fraud count, concurrent with 30 month sentence on other counts <br> - $250,000 fine |
| **United States v. Alford, et al., 05cr0069 (N.D. Fl. 2005).** Defendants were convicted following a jury trial. Among other things, Alford was charged with making $46,000 in illegal conduit contributions and the jury, using a special verdict form, found that he had made more than $25,000 in illegal conduit contributions, without specifying whether the jury had found the entire amount or some portion thereof. | - 60 months imprisonment on election fraud count, concurrent with 120 months imprisonment on 31 other counts <br> - $12,190,454.42 restitution |
| **United States v. Hildebrant, 05cr0002 (S.D. Oh. 2005).** Defendant pled guilty, preindictment, to, among other things, making $14,000 in illegal conduit contributions to the 2004 Presidential Campaign of George W. Bush. | - 24 months imprisonment on election fraud count, concurrent with 60 and 36 months imprisonment on bank fraud and tax evasion counts <br> - $48,000 fine <br> - $4,061,194.99 restitution |
| **United States v. Utter, 05cr0201 (E.D. Wis. 2005).** Defendant pled guilty to, among other things, making an illegal corporate and conduit contribution in the amount of $2,000. | - Probation 2 years <br> - 180 days home confinement <br> - $15,000 fine |
| **United States v. Maloof, 04-60055 (S.D. Fl. 2004).** Defendant pled guilty to making $5,000 in illegal conduit contributions. | - Probation 1 year <br> - $3,000 fine |
| **United States v. Riera-Gomez, 04cr20827 (S.D. Fl. 2004).** Defendant pled guilty to making $12,500 in illegal corporate contributions. | - Probation 2 years <br> - 6 months home confinement <br> - 120 hours community service <br> - $20,000 fine |
| **United States v. Majumder, et al., 02cr1966 (S.D. Cal. 2002).** Defendants Parthasarathi Majumder and his company pled guilty to conspiring to defraud the United States, including the FEC, by, among other things, making illegal corporate and conduit contributions. | - Probation 3 years <br> - 180 days home confinement <br> - 200 hours of community service |

| Case Caption and Brief Description | Relevant Elements of Sentence |
|---|---|
| **United States v. Roberts, 03-cr-00071 (D.D.C. 2003).** Defendant pled guilty to conspiracy to defraud the United States in connection with funneling of approximately $250,000 into defendant's congressional campaign fund. | - Probation 2 years<br>- 200 hours community service |
| **United States v. Spears, 03-cr-00096 (D.D.C. 2003).** Defendant pled guilty to conspiracy to defraud the United States in connection with funneling of approximately $250,000 into defendant Roberts's, above, congressional campaign fund. | - Probation 3 years<br>- 6 months home confinement<br>- 200 hours community service |
| **United States v. Stipe, 03-cr-00128 (D.D.C. 2003).** Defendant pled guilty to conspiracy to defraud the United States in connection with funneling of approximately $250,000 into defendant Roberts's, above, congressional campaign fund. | - Probation 5 years<br>- 6 months home confinement<br>- 1,000 hours community service<br>- $735,000 fine |
| **United States v. Lane, 03-cr-00102 (D.D.C. 2003).** Defendant pled guilty to conspiracy to defraud the United States in connection with funneling of approximately $250,000 into defendant Roberts's, above, congressional campaign fund. | - Probation 3 years<br>- 2 months home confinement<br>- $5,000 fine |
| **United States v. Cloeren, et al., 98cr0084 (E.D. Tx. 1998).** Defendants Peter Cloeren and his company both pled guilty, pre-indictment, to making illegal campaign contributions. | - Probation 2 years<br>- 100 hours community service<br>- $200,000 fine |
| **United States v. Hsia, 98cr0057 (D.D.C. 1998).** Defendant pled guilty to conspiracy to make false statements and multiple counts of causing false statements to the FEC. | - Probation 3 years<br>- 90 days home confinement<br>- $5,000 fine |
| **United States v. Kanchanalak and Kronenberg, 98cr0241 (D.D.C. 1998).** Defendants pled guilty to conspiracy to defraud the United States and making illegal corporate contributions. | Defendant Kanchanalak:<br>- Probation 3 years<br>- 6 months home confinement<br>- $3,000 fine<br><br>Defendant Kronenberg:<br>- Probation 18 months<br>- $1,500 fine |

| Case Caption and Brief Description | Relevant Elements of Sentence |
|---|---|
| **United States v. Stewart, et al., 98cr0176 (W.D. Wash. 1998).** Thomas Stewart, Dennis Specht, and Food Services of America, Inc., all pled guilty, pre-indictment, either to making illegal conduit contributions or making illegal corporate contributions. | Both individual defendants: - Probation 1 year - 60 days home confinement - 160 hours community service - $100,000 fine |
| **United States v. Brown, 97cr0336 (D.D.C. 1997).** Defendant pled guilty, pre-indictment, to making excessive campaign contributions. | - Probation 3 years - 150 hours community service - $5,000 fine |
| **United States v. Lum, et al., 97cr0207 (D.D.C. 1997).** Defendants Nora Lum and Gene Lum pled guilty, pre-indictment, to conspriacy to defraud the United States. Defendant Trisha Lum pled guilty, pre-indictment, to making illegal conduit contributions. | Both defendants: - 5 months community confinement - 5 months home confinement - $30,000 fine |

D.    The Government's Recommendation

As noted above, the Court bears the burden of fashioning an appropriate sentence in this matter ███████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████ In that regard, the government would note that a sentence within Zone A of the

Guidelines, █████████████████████████████████ affords the Court the ability

to impose, without variance from the Guidelines, a probationary sentence that would include a

condition or some combination of conditions of confinement up to 6 months in duration, in

addition to any community service and a financial penalty within the Guidelines fine range.  As

such, even in Zone A, the Court is able to impose relatively arduous conditions on the defendant

in furtherance of the statutory sentencing goals of meting appropriate punishment and creating

general deterrence ███████████████████████████████████████████████

████████████████████████████████████

Furthermore, ███████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████ Zone B of the Guidelines would still afford the Court the same

opportunity to craft a probationary sentence that would include reasonable conditions of

probation, including some form of confinement for that period required under the Guidelines

(that is, one half of the recommended sentencing range for a sentence at that particular level).

███████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████

III.     CONCLUSION

WHEREFORE, the government respectfully provides this supplemental memorandum

████████████████████████████████████████████████████

████████████

Dated: June 15, 2011 [Redacted version dated June 21, 2011]

Respectfully submitted,

JACK SMITH
Chief, Public Integrity Section
U.S. Department of Justice


By:      /s/ Daniel A. Petalas
         Daniel A. Petalas
         Edward T. Kang
         Trial Attorneys
         Public Integrity Section
         U.S. Department of Justice
         10th Street and Constitution Ave. NW
         Washington, DC 20530
         202-514-4625
         202-514-3003 (facsimile)
         dan.petalas@usdoj.gov
         edward.kang2@usdoj.gov

CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that, on June 21, 2011, a true and correct copy of the foregoing was caused to be served on counsel of record through the electronic case filing system of the United States District Court for the District of Columbia.

   /s/ Daniel A. Petalas
Daniel A. Petalas
Trial Attorney